**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

John James Bell, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2014-002196

---

Appeal From Aiken County
Doyet A. Early, III, Circuit Court Judge

---

Unpublished Opinion No. 2017-UP-069
Submitted December 1, 2016 – Filed February 8, 2017

---

**AFFIRMED**

---

Paul Andrew Anderson, of Anderson & Anderson, LLP, of Aiken, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, and Senior Assistant Deputy Attorney General Donald J. Zelenka, all of Columbia, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Lynch*, 375 S.C. 628, 632, 654 S.E.2d 292, 294 (Ct. App. 2007)

("In criminal cases, this [c]ourt reviews errors of law only."); *id.* ("An appellate court is bound by the trial court's factual findings unless they are clearly erroneous."); S.C. Code Ann. § 17-28-90(B) (2014) ("The court shall order DNA testing of the applicant's DNA and the physical evidence or biological material upon a finding that the applicant has established each of the following factors by a preponderance of the evidence: . . . (4) the DNA results of the physical evidence or biological material sought to be tested would be material to the issue of the applicant's identity as the perpetrator of, or accomplice to, the offense notwithstanding the fact that the applicant may have pled guilty or nolo contendere or made or is alleged to have made an incriminating statement or admission as to identity; (5) if the requested DNA testing produces exculpatory results, the testing will constitute new evidence that will probably change the result of the applicant's conviction or adjudication if a new trial is granted and is not merely cumulative or impeaching; (6) the physical evidence or biological material sought to be tested was not previously subjected to DNA testing, or if the physical evidence or biological material sought to be tested was previously subjected to DNA testing, the requested DNA test would provide a substantially more probative result . . . .").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.